```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
CATHERINE STRAIN,                             :
                                              :   CASE NO. 5:12-CV-1368
              Plaintiff,                      :
                                              :
vs.                                           :   OPINION & ORDER
                                              :   [Resolving Doc. No. 1]
COMMISSIONER OF SOCIAL                        :
SECURITY ADMINISTRATION,                      :
                                              :
              Defendant.                      :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Magistrate Judge Vernelis K. Armstrong recommends this Court affirm the Social Security Commissioner's denial of supplemental security income (SSI) and disability insurance benefits (DIB) to Plaintiff Catherine Strain. Because sufficient evidence supports the Administrative Law Judge's (ALJ) finding that Plaintiff did not use a cane, the Court ADOPTS the reports and recommendation of the Magistrate Judge and AFFIRMS the Commissioner's denial of benefits.

I. Background

The Magistrate Judge's Report and Recommendation lays out a comprehensive recitation of the facts involved in this case.[1] For the purposes of this opinion, the Court focuses on the facts necessary to resolve Plaintiff's objections to the Report and Recommendation.

On June 2, 2008, Plaintiff filed an application for benefits alleging a period of disability beginning May 22, 2008.[2] Plaintiff had previously filed for benefits in 2005, but was denied.[3] In her current application, Plaintiff says that "removal of [a] brain tumor" causing vertigo, dizziness,

---

[1] Doc. 18.
[2] Doc. 11, at 187.
[3] *Id.* at 178.

Case No. 5:12-CV-1368
Gwin, J.

and headaches limited her ability to work.[4/] Additionally, the ALJ found Plaintiff to have a severe combination of degenerative disc disease of the cervical spine, depression, anxiety, obesity, impairment of her bilateral upper extremities related to a history of deep vein thrombosis and pulmonary embolism, reflex sympathetic dystrophy of the right hand, and bilateral carpal tunnel syndrome.

On July 8, 2010, the ALJ held a hearing on Plaintiff's claim for benefits.[5/] Also at the hearing was an independent vocational expert. The ALJ asked the vocational expert a series of hypothetical questions to determine whether there existed jobs in the national or regional economies suitable to Plaintiff's limitations. The vocational expert testified that a person with these hypothetical limitations could perform the job of a mail clerk, and that there are "approximately 1,400 such jobs in northeast Ohio, over 7,000 in the state, and approximately 139,000 nationally."[6/] The vocational expert also testified that the person could also work as a laundry worker or housekeeper.[7/] Plaintiff's attorney then asked if these jobs could be performed if the claimant would have to use a cane "during ambulation and even standing."[8/] The vocational expert said that no jobs would exist for a person with those limitations.[9/]

On September 10, 2010, the ALJ found that "based on the testimony of the vocational expert," and "considering the claimant's age, education, work experience, and residual functional capacity," Strain was able to make "a successful adjustment to other work that exists in significant

---

[4/] *Id.* at 211.
[5/] *Id.* at 33.
[6/] *Id.* at 66.
[7/] *Id.* at 28.
[8/] *Id.* at 70.
[9/] *Id.* at 70-71.

Case No. 5:12-CV-1368
Gwin, J.

numbers in the national economy."[10]

Strain appealed the ALJ's decision to this Court. She says that the ALJ erred by discounting the diagnoses of one of Strain's physicians, and by not considering Strain's use of a cane.[11] Magistrate Judge Armstrong issued a report recommending that the decision of the ALJ be affirmed.[12] Magistrate Judge Armstrong found that the physician in question did not have a lengthy treatment relationship with Strain, and that there was little in the way of documented, clinical evidence that Strain used a cane.[13] Strain timely objected to the Magistrate Judge's report, but only to the latter finding.[14] Strain did not object to the Magistrate Judge's recommendation pertaining to the physician's treatment relationship.

## II. Legal Standard

To establish disability under the Social Security Act, a claimant must show that she is unable to engage in substantial activity due to the existence of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months."[15] Agency regulations establish a five-step sequential evaluation for use in determining whether a claimant is disabled. The claimant's impairment must prevent her from doing her previous work, as well as any other work existing in significant numbers in the national economy.[16]

The Federal Magistrates Act requires a district court to conduct *de novo* review of the

---

[10] *Id.* at 23.
[11] Doc. 15.
[12] Doc. 18.
[13] *Id.*
[14] Doc. 19.
[15] *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).
[16] *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).

Case No. 5:12-CV-1368
Gwin, J.

claimant's objections to a report and recommendation.[17] A final decision of the Social Security Commissioner made by an ALJ is, however, not reviewed *de novo*. A district court determines only whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards."[18]

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion."[19] The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence.[20] In deciding whether substantial evidence supports the ALJ's decision, a court should not try to resolve conflicts in evidence or decide questions of credibility.[21] The district court may look into any evidence in the record, regardless of whether it has been cited by the ALJ.[22] When substantial evidence supports the ALJ's decision, a court may not reverse, even if the court would have made a decision different than the ALJ made.[23]

### III.  Analysis

Strain says that the ALJ erred by not considering Plaintiff's use of a cane. She says this is important because the vocational expert testified that the hypothetical person would not be able to perform basic, unskilled labor if they also had to use a cane. The Magistrate Judge found that "there is no evidence, other than Plaintiff's testimony, that Plaintiff required the use of a cane."[24]

The Court agrees. Strain provides a series of facts that infer that she regularly uses a cane.

---

[17] *28 U.S.C. § 636(b)(1)*.
[18] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[19] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).
[20] *See id.*
[21] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[22] *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).
[23] *Siterlet v. Sec. of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).
[24] Doc. 18, at 37.

-4-

Case No. 5:12-CV-1368
Gwin, J.

But this, by itself, does not meet her burden to demonstrate through the use of clinical evidence that the cane is necessary. Hypothetical questions posed to the vocational expert must "accurately portray [the plaintiff's] individual physical and mental impairments."[25/]

In her objection to the Magistrate Judge's report, Strain lists statements *by Strain* that she used a cane. These include reporting the use of a cane when filling out a social security form in May 2005, reporting to a social security staff member that she used a cane, reporting to Akron General Health System that she used a cane, and various hospital records that refer to Strain walking with or without a cane.[26/] Although Strain can demonstrate that she uses or has used a cane, she does not provide evidence that she required use of the cane. She is unable to point to any clinical evidence that unmistakably says that she must use a cane. At this point in the inquiry, with its deferential standard of review, she must do so in order to upset the decision of the ALJ.

Strain points to cases from outside this district that have vacated ALJ decisions where the ALJ fails to make findings on the need for a cane. In *Penn v. Astrue*, No. 2:09-cv-169, 2010 WL 547491, the district court found that "[t]he consistent reference to the use of a cane (or a walker) . . . is enough to trigger an obligation on the part of the Commissioner to decide if such use is medically necessary and, if so, to have included that factor in the RFC analysis." As in *Penn*, the ALJ here did not include any information about the use of a cane in her decision. But, her decision to do so is understandable; the Social Security Administration has explained that "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the

---

[25/]*Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).
[26/]Doc. 19, at 2.

-5-

Case No. 5:12-CV-1368
Gwin, J.

circumstances for which it is needed."[27]

As there is no medical documentation demonstrating that Strain required the use of a cane, the ALJ was correct in not considering it in her questions to the vocational expert.  But even if the ALJ had made a mistake, remand would be pointless, as even a more substantive inquiry would yield the same result: that Strain cannot demonstrate that she needs, as a matter of medical necessity, the use of a cane.

## IV.  Conclusion

For the foregoing reasons, the Court **ADOPTS** in whole Magistrate Judge Armstrong's Report and Recommendation and incorporates it fully herein by reference, and **AFFIRMS** the decision of the Commissioner of Social Security.

IT IS SO ORDERED.


Dated: August 1, 2013                           s/      *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[27] SSR 96-9P (S.S.A.), 1996 WL 374185.